## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE OXBOW CARBON LLC UNITHOLDER LITIGATION    )    Consol. C.A. No. 12447-VCL

## MEMORANDUM OPINION

Date Submitted: March 23, 2017
Date Decided: March 30, 2017

Kenneth J. Nachbar, Thomas W. Briggs, Jr., Richard Li, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; R. Robert Popeo, Michael S. Gardener, Breton Leone-Quick, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C., Boston, Massachusetts; *Attorneys for Oxbow Carbon LLC*.

Stephen B. Brauerman, Sara E. Bussiere, BAYARD, P.A., Wilmington, Delaware; *Special Conflicts Counsel for Oxbow Carbon LLC*.

Stephen C. Norman, Jaclyn C. Levy, Daniyal M. Iqbal, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; David B. Hennes, C. Thomas Brown, Daniel J. Chirlin, ROPES & GRAY LLP, New York, New York; *Attorneys for Oxbow Carbon & Minerals Holdings, Inc., Ingraham Investments LLC, Oxbow Carbon Investment Company LLC, and William I. Koch*.

Patricia R. Urban, PINCKNEY, WEIDINGER, URBAN & JOYCE LLC, Greenville, Delaware; *Special Conflicts Counsel for Oxbow Carbon LLC, Oxbow Carbon & Minerals Holdings, Inc., Ingraham Investments LLC, Oxbow Carbon Investment Company LLC, and William I. Koch*.

Kevin G. Abrams, Michael A. Barlow, J. Peter Shindel, Jr., Daniel R. Ciarrocki, April M. Ferraro, ABRAMS & BAYLISS LLP, Wilmington, Delaware; Brock E. Czeschin, Matthew D. Perri, Sarah A. Galetta, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; Michael B. Carlinsky, Jennifer J. Barrett, Chad Johnson, Sylvia Simson, Silpa Maruri, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, New York; *Attorneys for Crestview-Oxbow Acquisition, LLC, Crestview-Oxbow (ERISA) Acquisition, LLC, Crestview Partners, L.P., Crestview Partners GP, L.P., Crestview Advisors, LLC, Robert J. Hurst, and Barry S. Volpert*.

Evan O. Williford, Andrew J. Huber, THE WILLIFORD FIRM LLC, Wilmington, Delaware; *Special Conflicts Counsel for Crestview-Oxbow Acquisition, LLC, Crestview-Oxbow (ERISA) Acquisition, LLC, Crestview Partners, L.P., Crestview Partners GP, L.P., Crestview Advisors, LLC, Robert J. Hurst, and Barry S. Volpert*.

J. Clayton Athey, John G. Day, PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware; Dale C. Christensen, Jr., Michael B. Weitman, SEWARD & KISSEL LLP, New York, New York; *Attorneys for Defendant and Counterclaim-Plaintiff Load Line Capital, LLC*.

David C. McBride, Kathaleen St. J. McCormick, Elisabeth S. Bradley, Meryem Y. Dede, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Rusty Hardin, Ryan Higgins, Jeremy Monthy, RUSTY HARDIN & ASSOCIATES, LLP, Houston, Texas; *Attorneys for Defendant Eric P. Johnson*.

David C. McBride, Kathaleen St. J. McCormick, Elisabeth S. Bradley, Meryem Y. Dede, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Michael P. Angelini, Joshua A. Lewin, Lynette Paczkowski, David Travers, BOWDITCH & DEWEY, Boston, Massachusetts; *Attorneys for Defendant Christina Wing O'Donnell*.

**LASTER, Vice Chancellor.**

William I. Koch and three of his affiliates have filed a "request for clarification" regarding three orders that this court entered on March 7, 2017. The request "amounts to a motion for reargument under Rule 59(f)." *Energy P'rs, Ltd. v. Stone Energy Corp.*, 2006 WL 2947483, at *5 (Del. Ch. Oct. 11, 2006).

"A motion for clarification may be granted where the Court's ruling is unclear, and such a motion is treated[] procedurally as a motion for reargument under Court of Chancery Rule 59(f)." *Gore v. Al Jazeera Am. Hldgs. I, Inc.*, 2015 WL 721068, at *1 n.1 (Del. Ch. Feb. 19, 2015)). A motion for reargument will be granted only if the court "overlooked a decision or principle of law that would have a controlling effect" or the court "misapprehended the law or the facts so that the outcome of the decision would be affected." *In re OM Gp., Inc. S'holders Litig.*, 2016 WL 7338590, at *2 (Del. Ch. Dec. 16, 2016) (quotation omitted). Under these standards, the motion for clarification is denied.

## I.      COMMUNICATIONS INVOLVING O'DONNELL

In an order that granted a motion to compel filed by Christina O'Donnell (the "O'Donnell Order"), the court directed Oxbow Carbon LLC ("Oxbow" or the "Company") to produce to O'Donnell "any communications to which O'Donnell was a party." O'Donnell Order ¶ 3. The Company seeks clarification that it need only produce the communications to O'Donnell and not to any other parties.

The O'Donnell Order held that privilege could not be asserted for the communications because the required element of confidentiality was lacking. *See* D.R.E. 502(b). The O'Donnell Order held in the alternative that the Company had waived privilege for the communications by placing O'Donnell's conduct at issue. *See Sokol Hldgs., Inc. v.*

*Dorsey & Whitney, LLP*, 2009 WL 2501542, at \*6 (Del. Ch. Aug. 5, 2009). Once the Company waived privilege, it lost its ability to withhold the communications on that basis. *See In re G-I Hldgs. Inc.*, 218 F.R.D. 428, 432 (D.N.J. 2003); *Navajo Nation v. Peabody Holding Co.*, 255 F.R.D. 37, 44 (D.D.C. 2009). The O'Donnell Order instructed the Company to produce the communications to O'Donnell because she was the party who sought them. If other parties have requested them, the Company must produce them to those parties as well.

The Company's two cases do not support a different result. The *Kent County* decision states that an "at issue" waiver applies only to the subject matter placed at issue; it does not address who can obtain the communications for which privilege was waived. *See In re Kent Cty Adequate Pub. Facilities Ordinances Litig.*, 2008 WL 1851790 (Del. Ch. Apr. 18, 2008). The *Saito* case dealt with whether production to a government agency pursuant to a confidentiality agreement resulted in a waiver of the work product doctrine in civil litigation; the court held that it did not. *See Saito v. McKesson HBOC, Inc.*, 2002 WL 31657622 (Del. Ch. Oct. 25, 2002). The decision recognized that "there may be problems inherent in treating different *private* plaintiffs differently." *Id.* at \*10. The *Saito* case thus involved a materially different scenario and signaled that the same rule would not apply for parties to the same litigation.

There is no need to clarify or reconsider this aspect of the O'Donnell Order. The documents are not privileged and cannot be withheld on that basis.

2

## II. DOCUMENTS FROM KOCH AND HIS OTHER AFFILIATES

In addition to addressing the Company's documents, the O'Donnell Order ruled that William I. Koch, Oxbow Carbon & Minerals Holdings, Inc. ("Koch Holdings"), and Ingraham Investments, LLC and Oxbow Carbon Investment Company LLC (jointly with Ingraham, the "Small Holders") had to produce documents to O'Donnell. These parties argue that the production obligation should not extend beyond the Company, and if it does, it only should require production to O'Donnell.

The court did not misapprehend any issue of fact or law in directing Koch and his affiliates, defined in the O'Donnell Order as the Koch Parties, to produce documents to O'Donnell. Koch controls each of the entities, and he is causing each of them to participate in this litigation. Through coordinated allegations and arguments, the Koch Parties placed communications at issue by alleging a wide-reaching conspiracy involving O'Donnell. The court also has taken into account indications that the Koch Parties have been using improper and overly broad assertions of privilege to obstruct discovery.

For the same reasons discussed in the preceding section, the Koch Parties shall produce the documents to all parties that sought them. The O'Donnell Order focused on O'Donnell because she filed the motion. Once privilege was waived, the communications were no longer privileged. They cannot be withheld on that basis from any party that requested them.

### III. DOCUMENTS ON THE PRIVILEGE LOG FOR WHICH NO ATTORNEY WAS LISTED

In an order that granted a motion to compel filed by affiliates of Crestview Partners (the "Crestview Order"), the court directed the Company to "produce the items on its privilege log for which no attorney is identified." Crestview Order ¶ 8. This ruling was clear and unambiguous.

The Company now seeks to argue that if one dug into the documents that corresponded to the entries on the log, then one might discern that an attorney was involved. That is particularly true, the Company says, for documents produced in redacted form.

The Koch Parties previously made this argument. The court considered and rejected it, both in light of the clear requirements for a privilege log and because the Koch Parties have taken numerous discovery-obstructing stances, such that they are not in a position to receive the benefit of the doubt. The Koch Parties were on notice about the absence of attorneys on their log and could have corrected this defect. They are not entitled to a "do-over" now, after briefing and after the court has ruled. *See Klig v. Deloiite*, 2010 WL 3489735, at *3 (Del. Ch. Sept. 7, 2010).

### IV. PRODUCTION OF OTHER DOCUMENTS

The Koch Parties ask the court to rule generally that any documents that were ordered produced in response to a motion to compel need only be produced to the party that sought the documents and not to any other party. O'Donnell and Johnson report that

4

the Koch Parties have sought to restrict parties to whom they have produced documents from sharing those documents with other parties.

This is an issue that needs to be resolved promptly. It is not, however, an issue that the court addressed in any of the previous orders. The current motion for clarification is therefore not the appropriate vehicle for addressing it. If the parties cannot reach agreement on how to handle this matter, then they should agree on a method for presenting the issue to the court for decision.

## V. CONCLUSION

The motion for clarification is denied. The Koch Parties will comply with the orders that this court has entered.